**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

401 Market St., 4th Fl.
Camden, NJ 08101

856/757-5026

AH/PL AGR
2003R00901

November 15, 2006

By Hand Delivery
Mr. Jeffrey Zucker, Esq.
Suite 503, Parkade Building
519 Federal Street
Camden, NJ 08103

      Re:   Plea Agreement with Leon Land a/k/a Leon Foreman

Dear Mr. Zucker:

      This letter sets forth the plea agreement between your client, Leon Land, and the United States Attorney for the District of New Jersey ("this Office"). This offer will remain open until **December 1, 2006 at 5:00 p.m.**, and, if an executed agreement is not received in this Office on or before that date, this offer will expire.

Charge

      Conditioned on the understandings specified below, this Office will accept a guilty plea from Leon Land to a two-count Information which charges wire fraud, in violation of 18 U.S.C. § 1343, and money laundering, in violation of 18 U.S.C. § 1957(a). If Leon Land enters a guilty plea and is sentenced on these charges, and otherwise fully complies with all of the terms of this agreement, this Office will move the Court to dismiss the Indictment in Criminal Number 06-588 (RBK) and will not initiate any further criminal charges against Leon Land for obtaining and disposing of money by means of false or fraudulent pretenses, from 2001 through 2002, through the use of a phony social security number and through other false statements made in connection with four loan applications and one checking account application submitted to Commerce Bancorp, Inc. ("Commerce Bank"), as charged in the Information. However, in the event that the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this

agreement is signed by Leon Land may be commenced against him, notwithstanding the expiration of the limitations period after Leon Land signs the agreement. Leon Land agrees to waive any statute of limitations with respect to any crime that would otherwise expire after Leon Land signs the agreement.

Sentencing

The violation of 18 U.S.C. § 1341 to which Leon Land agrees to plead guilty carries a statutory maximum prison sentence of 20 years imprisonment and a statutory maximum fine equal to the greatest of: (1) $250,000 (2) twice the gross profits or other proceeds to Leon Land; or (3) twice the gross loss to his victims.

The violation of 18 U.S.C. § 1957(a) to which Leon Land agrees to plead guilty carries a statutory maximum prison sentence of 10 years imprisonment and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross profits or other proceeds to Leon Land; or (3) twice the gross loss to his victims. Alternatively, the Court may impose a fine of not more than twice the amount of criminally derived property involved in the transaction. 18 U.S.C. § 1957(b)(2). Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Leon Land is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Leon Land ultimately will receive.

Further, in addition to imposing any other penalty on Leon Land, the sentencing judge: (1) will order Leon Land to pay an assessment of $100 per Count pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order Leon Land to pay restitution pursuant to 18 U.S.C. §§ 3663 et seq.; (3) may order Leon Land, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense; and (4) pursuant to 18 U.S.C. § 3583, may require Leon Land to serve a term of supervised release of not more than three years, which will begin at the expiration of any term of imprisonment imposed. Should

Leon Land be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Leon Land may be sentenced to not more than two years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

In addition, Leon Land agrees to make full restitution for all losses resulting from the offense of conviction and from the scheme, conspiracy, and pattern of criminal activity underlying that offense.

Rights of this Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Leon Land by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Leon Land's activities and relevant conduct with respect to this case.

Stipulations

This Office and Leon Land agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not

binding shall not release either this Office or Leon Land from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Leon Land waive certain rights to file an appeal, collateral attack, writ or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

## Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Leon Land. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service), or any third party from initiating or prosecuting any civil proceeding against Leon Land.

No Other Promises

This agreement constitutes the plea agreement between Leon Land and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

CHRISTOPHER J. CHRISTIE
United States Attorney

By: Allen Harberg, Jr.
Assistant U.S. Attorney

APPROVED:

Norman Gross
Attorney-in-Charge

I have received this letter from my attorney, Jeffrey Zucker, Esq., I have read it, and I understand it fully. I hereby accept the terms and conditions set forth in this letter and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

AGREED AND ACCEPTED:

_____  Date: 12/7/06  *JZ*  1/5/07
Leon Land a/k/a Leon Foreman

_____  Date: 12/7/06  *(-)*  1/5/07
Jeffrey Zucker, Esq.

<u>Plea Agreement With Leon Land</u>

<u>Schedule A</u>

1. This Office and Leon Land agree to stipulate to the following facts:

    a. The parties agree that the loss amount shall be the full loss incurred by Commerce Bank from the four loans issued to Land pursuant to the fraudulent scheme set forth in the Information, excluding interest of any kind, finance charges, late fees, penalties or other similar costs, less any amount that Commerce Bank has recovered by the time of sentencing from disposition of the collateral that secured portions of certain of the loans. The parties further stipulate that regardless of whether the collateral has been disposed of by the time of sentencing, the total loss amount shall not be more than $400,000.

    b. As of the date of this letter, Leon Land has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Leon Land's acceptance of responsibility continues through the date of sentencing. <u>See</u> U.S.S.G. § 3E1.1(a).

    c. As of the date of this letter, Leon Land has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently. If Leon Land enters a plea pursuant to this agreement and qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and if in addition Leon Land's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater, Leon Land will be entitled to a further 1-point reduction in his offense level pursuant to U.S.S.G. § 3E1.1(b).

2. If the sentencing court accepts a factual stipulation set forth above, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so. Otherwise, both parties reserve the right to file, oppose, or take any position in any

appeal, collateral attack, or proceeding involving post-sentencing motions or writs.